# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

MICHAEL S. OWL-FEATHER GORBEY   *

Plaintiff   *

v   *   Civil Action No. RDB-19-220

DR. MUBERIK,   *
PA GERA,
NURSE VANMETER,   *
ELRICH, SIS,
HAMELTON, HSS,   *
THE UNITED STATES,
  *

Defendants

\*\*\*

## MEMORANDUM OPINION

The Court directed supplemental complaint was filed on March 28, 2019. ECF 8. Plaintiff Michael Gorbey clarifies his claims as set for the below.

Gorbey states he has "high level" glaucoma, had "serious side effects" to the medication prescribed, and from April 2018 to about October 2018, was not provided with an alternative medication to treat his glaucoma. ECF 8 at p. 2. On January 14, 2019, Gorbey claims that PA Gera prescribed the same eye-drops (latanoprost) that causes his eyes to swell and his face to break out.[1] *Id.* at p. 3. He stopped using the eye-drops because of the side effects. Another referral to optometry was made on March 4, 2019, but Gorbey claims he has not been seen. *Id.* Defendants will be required to address this claim and show cause why it does not present an imminent threat of physical harm to Gorbey.[2]

---

[1] To the extent Gorbey attempts to raise a claim regarding "black mold" being present in the prison, that attempt fails. The black mold claim was raised and addressed in the context of another case filed by Gorbey and will not be addressed again here. *See Gorbey v. Dunbar, et al.*, Civil Action RDB-18-2754 (D. Md.).

[2] Gorbey has accumulated more than three strikes under 28 U.S.C. § 1915. *See Gorbey v. U.S.A., et al.*, Civ. Action 1:08cv332 (D. Md. 2008), *Gorbey v. U.S. Military, et al.*, Civ. Action 1:08cv334 (D. Md. 2008), *Gorbey v. U.S. Military, et al.*, Civ. Action 1:08cv339 (D. Md. 2008), *Gorbey v. U.S.A., et al.*, Civil Action 2:09cv313 (S.D.

With regard to his cuff-in-front status, Gorbey claims he has had a medical order since 2009 (ECF 1 at p. 2), but on January 10, 2019, Nurse Todd refused to provide a copy of the order to security staff. ECF 8 at p. 4. On January 14, 2019, Dr. Muberik and PA Gera also refused to provide a copy of the medical order and Muberik instructed security staff in the Special Housing Unit (SHU) to cuff Gorbey any way they wanted to until they figured it out. *Id.* Gorbey claims that the basis of his front-cuffing order is that he has repeatedly dislocated his shoulder and being cuffed behind his back causes him serious injury and pain. ECF 8 at p. 5; ECF 1 at p. 3. Defendants will be required to address this claim and show cause why it does not present an imminent threat of physical harm to Gorbey.

Gorbey claims that he is hypoglycemic and suffers severe drops in blood sugar particularly between 9:30 and 10:30 a.m. ECF 8 at p. 6. He states that he is indigent and cannot afford to buy food in the prison commissary to use as a snack between breakfast and lunch, therefore he believes that medical staff should provide him with such a snack in the morning pill line. *Id.* at pp. 6-7. He claims this condition, left untreated, could cause serious injury or death, particularly if he faints and falls on the concrete floor or sidewalk. *Id.* at p. 7. Defendants will be required to both address whether Gorbey's hypoglycemia is a serious medical condition, the symptoms observed and verified, and whether the current course of treatment is adequate to avoid physical harm befalling him.

Related to his claim of untreated hypoglycemia, Gorbey states he experienced severe chest pains, but was not examined by medical staff to determine the cause. ECF 8 at p. 6. In Gorbey's

---

W.Va. 2009), *Gorbey v. U.S.A., et al.*, 1:09cv262 (D. D.C. 2009), *Gorbey v. U.S.A., et al.*, Civil Action 2:08cv121 (N.D. W.Va. 2008), *Gorbey v. U.S.A., et al.*, Civil Action 1:08cv649 (D. D.C. 2008), *Gorbey v. U.S.A., et al.*, Civil Action 1:08cv650 (D. D.C. 2008), *Gorbey v. District of Columbia, et al.*, Civil Action 1:09cv261 (D. D.C. 2009), *Gorbey v. District of Columbia*, Civil Action 1:10cv1751 (D. D.C. 2010), *Gorbey v. State of Virginia, et al.*, Civil Action 2:11cv164 (E.D. Va. 2011).

estimation the severe chest pains he experienced are proof that he suffers severe hypoglycemia (*id.*); thus, Defendants will address this claim in the context of Gorbey's claim regarding hypoglycemia.

Gorbey restates his claim regarding SIS Eirich, who allegedly told a correctional officer to tell another inmate that Gorbey informed security that the other inmate had drugs in his cell. ECF 8 at pp. 6-7. Gorbey states that he "will soon be in population with this very person SIS Eirich" relayed a message to indicating Gorbey snitched on him. *Id.* Gorbey identifies the other inmate as "Big Country." *Id.* at p. 7. This claim was dismissed without prejudice subject to Gorbey refiling the claim accompanied by the $400 filing fee. ECF 2 at p. 4. This Court's rationale for dismissal of the claim was Gorbey's failure to claim that the alleged threat was acted upon, that he was currently housed with the other inmate who was subjected to a search, or that there is a known risk of harm to his safety that is being ignored. *Id.* Gorbey objects to the dismissal of the claim and states that none of his complaints regarding staff misconduct, he has filed ten such complaints, have been investigated. He provides a list of the complaints he has filed thus far. ECF 8 at p. 7. In an abundance of caution, the Court will require Defendants to provide with their response copies of any records they have on filed concerning Gorbey's administrative complaints, the reasons for the decisions provided, and any investigative notes generated for each. Further, Defendants will address Gorbey's claim that he is endangered by the presence of another inmate who was told Gorbey provided information leading to the search of his belongings.

Also pending in this case is Gorbey's Motion for Injunctive Relief or Temporary Restraining Order. ECF 3. The motion seeks to prevent Gorbey's transfer outside of the State of Maryland while he is pursuing a Petition for Writ of Habeas Corpus in the Maryland State courts. The motion appears to have been docketed in the wrong case. Gorbey filed a Petition for Writ of

3

Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court wherein he claimed he should be in the custody of the District of Columbia and that he was illegally extradited across State lines. *See Gorbey v. State of Maryland*, Civil Action RDB- 19-788 (D. Md.). The petition was dismissed on April 5, 2019, for failing to state a cognizable claim. *Id.* at ECF 2 & 3. Gorbey appealed the dismissal and appellate review is now pending. *Id.* at ECF 4-6. The Motion for Injunctive Relief shall be denied.

A separate Order follows.

April 30, 2019
Date

RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE